***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Hall. The appealing party has shown good grounds to reconsider the evidence and amend the Opinion and Award; therefore, the Full Commission affirms in part and reverses in part the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On the date of the injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employment relationship existed between Plaintiff and Defendant-Employer.
3. The Employer is insured through National Union Fire Insurance Company.
4. The date of the injury was April 18, 1995.
5. The nature of Plaintiff's injury is to his back.
6. The average weekly wage of the Plaintiff was approximately $550.00+ per week, and his compensation rate is $366.67.
7. An Opinion and Award was entered in this matter on November 5, 1999, wherein the Claimant was awarded continuing disability benefits in the amount of $366.67 per week.
8. Defendant was ordered to pay all medical expenses incurred by the Plaintiff as a result of the injury.
9. Plaintiff has continued to receive the $366.67 per week, subject to the attorney's fee award.
10. The issues for decision by the Full Commission are the following:
 (a) Whether the implementation of Plaintiff's life care plan is medically necessary in order to provide relief, lessen Plaintiff's pain, and lessen his disability;
 (b) Whether compensation shall be paid to Plaintiff's wife for the provision of care to Plaintiff;
 (c) Whether or not Dr. Wesley Johnson and Dr. Mark Gaskill should receive payment for medical treatment rendered to plaintiff.
11. The depositions of Dr. Wesley Johnson and Paula Medina, R.N. are a part of the evidentiary record in this case.
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff suffered a compensable injury by accident to his back on April 18, 1995 for which defendants accepted liability and have paid plaintiff weekly compensation from the date of injury until the present.
2. Plaintiff began receiving medical treatment from Wesley Johnson, M.D., for chronic pain from his back injury in December 1996. Plaintiff began receiving treatment from Mark N. Gaskill, Ph.D., in January 1997 for depression related to his back injury. Defendants did not authorize these medical treatments at the time plaintiff began treating with these providers.
3. Plaintiff requested that the Industrial Commission approve the treatment rendered by Dr. Johnson and Dr. Gaskill when he filed an Industrial Commission Form 33 Request for Hearing dated October 4, 2001. However, plaintiff's request for approval is inconsequential as the Amended Opinion and Award by Deputy Commissioner Morgan S. Chapman filed on December 15, 1999 which constituted a final Order of the Commission ordered defendants to pay all medical expenses incurred by plaintiff as a result of this injury by accident and referenced both of these physicians' treatment as related to his compensable condition.
4. The Full Commission finds that past and ongoing treatment recommended by Dr. Johnson has been and continues to be reasonably necessary to provide relief or lessen plaintiff's period of disability.
5. The Full Commission finds that past and ongoing treatment by Dr. Gaskill for plaintiff's depression, which was a proximate result of his compensable injury by accident, has been and continues to be reasonably necessary to provide relief or lessen plaintiff's period of disability.
6. The preparation of the life care plan by Paula Medina, R.N., was medically necessary as a result of plaintiff's injury.
7. The services provided by plaintiff's wife in the home were not reasonably necessary to provide relief, effect a cure, or lessen plaintiff's period of disability. The testimony of plaintiff's wife indicates a reluctance on her part to leave plaintiff alone due to his emotional outbursts which result in plaintiff "going off" on family members and other people. Plaintiff's wife testified that plaintiff could not care for himself, yet he was able to move out of the home for a week and get by without her assistance and often curses at his wife and tells her to let him do it himself. The record in this matter does not support the assertion that plaintiff requires attendant care.
 ***********
Based upon the findings of fact, Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The services rendered by plaintiff's wife in the home do not qualify as compensable medical treatment. N.C. Gen. Stat. § 97-25.
2. The cost of the preparation of the life care plan by Paula Medina, R.N., is a compensable medical expense. N.C. Gen. Stat. § 97-25.
3. Dr. Wesley Johnson is approved as plaintiff's primary treating physician and Dr. Mark Gaskill is approved as plaintiff's treating clinical psychologist. Plaintiff is entitled to receive medical treatment from these physicians that is reasonably related to plaintiff's April 18, 1995 injury by accident and tends to effect a cure, give relief, or lessen the period of plaintiff's disability. N.C. Gen. Stat. §§ 97-25
and 97-25.1.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms in part and reverses in part the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Dr. Wesley Johnson is approved as plaintiff's primary treating physician, and Dr. Mark Gaskill is approved as plaintiff's treating clinical psychologist.
2. Defendants shall pay all past and future medical expenses incurred by plaintiff as a result of his injury by accident for all treatments rendered by Dr. Wesley Johnson and Dr. Mark Gaskill that tend to effect a cure, give relief, or lessen the period of plaintiff's disability.
3. Defendants shall pay the cost of the preparation of plaintiff's life care plan by Paula Medina, R.N.
4. Each side shall bear its own costs.
This the ___ day of January 2003.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/_____________ THOMAS J. BOLCH COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER